FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 NOV 12 AM 11:07
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARSHAWN DAVIS,

    Petitioner,

v.

RANDY TILLMAN, Warden,

    Respondent.

CIVIL ACTION NO.: CV208-073

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marshawn Davis ("Davis"), an inmate currently incarcerated at Ware State Prison in Waycross, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Glynn County. Respondent filed an Answer-Response and a Motion to Dismiss. Davis has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Davis pleaded guilty to two (2) counts of aggravated assault and to two (2) counts of aggravated battery; he was sentenced on August 28, 2003, to 15 years' imprisonment on the aggravated battery charges, plus a consecutive term of 20 years' imprisonment for aggravated assault. Davis filed a petition for writ of habeas corpus in the Superior Court of Tattnall County on August 5, 2005, and alleged that he entered into an involuntary plea agreement, he received ineffective assistance of counsel, and

his guarantee against double jeopardy was violated. On December 9, 2005, the Honorable Blenn Taylor conducted an evidentiary hearing in Davis' state habeas corpus proceedings. The Honorable D. Jay Stewart, who was assigned to preside over Davis' state habeas proceedings after the death of Judge Taylor, entered an order denying Davis' requested relief on December 14, 2007. The Georgia Supreme Court denied Davis' application for a certificate of probable cause to appeal on May 20, 2008. (Doc. No. 8-2, pp. 2-3).

Davis filed a section 2254 petition for writ of habeas corpus in this Court on October 11, 2007. Davis asserted he is being illegally incarcerated based on an illegal sentence because the State refused to produce the transcript of the hearing on his state habeas petition. Davis also asserted he was convicted of aggravated assault and aggravated battery, even though his conduct arose out of the same offense, in violation of double jeopardy concerns. Davis further asserted he received ineffective assistance of counsel because he was not "fairly apprised" of the consequences of pleading guilty. The Honorable Anthony A. Alaimo adopted the undersigned's Report and Recommendation and dismissed Davis' petition due to his failure to exhaust his state court remedies. (Case Number CV207-121, Doc. Nos. 1, 11, and 14).

In this petition, Davis raises the same issues as he did in his state habeas corpus proceedings, as well as his previously filed federal habeas corpus proceeding. Respondent asserts that Davis' petition should be dismissed because it was filed untimely.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Davis' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Davis was sentenced in the Glynn County Superior Court on August 28, 2003. Davis did not file a notice of appeal with either the Georgia Court of Appeals or Supreme Court. However, Davis had thirty days in which to do so. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, his conviction became final on or about September 27, 2003. Because Davis'

conviction became final on September 27, 2003, he had one year from that date to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (internal citations omitted).

Davis asserts his counsel did not challenge his conviction or sentence, even though he desired to file an appeal. Davis contends that, once he discovered that his counsel had not filed a motion to withdraw or a notice of appeal, he tried to obtain the case file and transcript to file a motion pro se. Davis also contends his counsel and the trial court would not provide him with the file or a transcript. Davis avers he filed a state habeas corpus petition within one (1) year of state-created impediments being removed and of the date the factual predicates to his claims were discovered through his exercise of due diligence.

Davis' petition for writ of habeas corpus is untimely. Davis filed a petition for habeas corpus in the Tattnall County Superior Court on August 5, 2005, despite his conviction becoming final on September 27, 2003. The statute of limitations period expired before Davis filed for collateral relief in the state court, and there was no time left to toll. Davis' bare assertions[1] are without merit and are, in fact, contradicted by

---

[1] The Court rejects Davis' request to have the record expanded to allow him to "enter evidence relevant to his contentions that the petition is timely." (Doc. No. 12, ¶ 7). Davis has been afforded ample opportunity

another contention he makes in his Response to the Motion to Dismiss. Davis states: "Without a transcript or case file, petitioner filed a petition for habeas corpus relief in the Superior Court of Tattnall County on August 5, 2005, and an evidentiary hearing was subsequently held." (Doc. No. 12, ¶ 5). In sum, Davis is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Davis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 12th day of November, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

to present this evidence, and he will have the further opportunity to file Objections to this Report and Recommendation.